IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

FRANCISCA TORRES, Individually, )
And as Personal Representative of the, )
Estate of MARIO TORRES-GOMES )
)
          Plaintiff, )
)
v. ) Case No. 08-CV-196-JHP-FHM
)
DALE WHITE, an individual; )
)
          Defendant. )

## ORDER

Before the Court are Defendant Dale White's Motion to Dismiss [Docket No. 15], Plaintiff Francisca Torres's Response in Opposition [Docket No. 22], and Defendant's Reply to the Response. Also before the Court is Plaintiff's Motion for Refusal of the Motion to Dismiss. For the reasons set forth below Plaintiff's Motion for Refusal is DENIED and Defendant's Motion to Dismiss is GRANTED in part and DENIED in part.

### I. Motion for Refusal

Defendant Dale White ("Defendant") attached three exhibits to his Motion to Dismiss. These exhibits were: 1.) an Application for Writ of Assistance and an Agreed Order filed in the Distrcit Court for Tulsa County, Oklahoma, by Plaintiff, Case No. CJ-2007-05607; 2.) Public Safety Communications radio logs regarding the incident in question; and 3.) a copy of an unpublished Tenth Circuit case printed off of Westlaw. [Docket No. 15]. In response, Plaintiff Francisca Torres ("Plaintiff") filed a Motion for Refusal asking the Court to refuse Defendant's Motion to Dismiss based on the fact that he attached exhibits to the motion. Plaintiff argues that the Motion to Dismiss should be construed as a summary judgment motion and the Court should either deny the motion,

1

or order a continuance to allow the parties to conduct discovery so that Plaintiff can adequately respond to the summary judgment motion pursuant to Fed. R. Civ. P. 56(f).

Generally, on a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) the court will not consider matters outside the pleadings. However, facts subject to judicial notice, such as matters of public record, may be considered without triggering the conversion of a Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment. *See* 27A Fed. Proc., L. Ed. §§ 62:466, 477 (2008); *see also Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 n.1 (10th Cir. 2004) (stating that the court may take judicial notice of facts which are a matter of public record without converting a motion to dismiss to a motion for summary judgment). Under the Oklahoma Open Records Act, 51 O.S. § 24A.1 *et seq.*, radio logs are an agency record which is made available for public inspection. *Id.* § 24A.8(A)(4). The remaining two exhibits attached to Defendant's Motion to Dismiss are irrelevant to Plaintiff's claim and will not be considered by the Court for the purposes of this Motion. Accordingly, Plaintiff's Motion to Refuse is denied because the exhibits attached to Defendant's Motion do not require the conversion of the Motion to Dismiss to a motion for summary judgment.[1] Additionally, the Court will take judicial notice of the geographic locations, times, and dates of the incidents described in the Public Safety Communications radio log, a public record under Oklahoma law, as requested by Defendant in his Motion to Dismiss. (Defs. Mot. to Dismiss at 2 nn. 2, 3.)

## II. Motion to Dismiss

**A. Facts**

---

[1] Because Defendant's Motion to Dismiss will not be converted to a motion for summary judgment, Plaintiff's alternative request of a continuance under Rule 56(f) must also be denied as that Rule only applies to summary judgment motions.

On the afternoon of April 11, 2007, Defendant and other officers with the Tulsa Police Department were investigating a robbery that occurred in the Sierra Pointe Apartment Complex. It was reported that two black men had robbed and brutally beat a maintenance man on the premises of the apartment complex. While investigating the incident, Defendant and other officers, including a K-9 unit, approached the residence of the decedent, Mario Torres-Gomes ("Torres"), who lived in the apartment complex. Torres, a Hispanic man, fled the apartment when officers aggressively knocked on his door. The officers pursued Torres and the chase steered toward highway 169 at which time Defendant fired his weapon at Torres, striking him in the back of the head and killing him instantly. Torres was unarmed at the time he was killed. It is somewhat unclear from the Complaint and the parties' briefs, but it appears that Torres had no connection to the burglary that officers were investigating.

Plaintiff Francisca Torres, as Personal Representative of the Estate of Mario Torres-Gomes ("Plaintiff"), filed suit against Defendant, in his individual capacity, pursuant to 42 U.S.C. § 1983. Plaintiff alleges Defendant violated Torres's rights under the First, Fourth, Fifth, Eighth, Fourteenth, and Fifteenth Amendments. Defendant filed his Motion to Dismiss arguing that Plaintiff has not stated a cause of action and that he is entitled to qualified immunity based on the existence of arguable probable cause and because he did not violate clearly established law.

**B. Discussion**

Pursuant to Rule 12(b)(6), a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted. In undertaking a Rule 12(b)(6) analysis, the Court accepts all well-pleaded allegations in a complaint as true and construes them in the light most favorable to the plaintiff. *See Ridge at Redhawk, L.L.C. v. Schneider*, 493 F.3d

1174, 1177 (10th Cir. 2007). In order to survive a 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). This does not mean the factual allegations themselves must be plausible, rather it means that relief must follow from the facts alleged. *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). A complaint that omits some necessary facts may still satisfy this requirement "so long as the court can plausibly infer the unarticulated assumptions." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008). The factual allegations, however, "must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965.

In her Response to Defendant's Motion to Dismiss, Plaintiff concedes that Torres's First, Fifth, Fourteenth, and Fifteenth Amendment rights have not been violated. Plaintiff did not address the alleged Eighth Amendment violation in her Response, thus the Court considers it confessed. Accordingly, the alleged Fourth Amendment violation based on unreasonable use of excessive and deadly force is the only claim remaining before the Court.

**1. Qualified Immunity**

When confronted with a claim of qualified immunity, a court must go through the two-step process set out in *Saucier v. Katz*, 533 U.S. 194 (2001). First, the Court must ask the threshold question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"[2] *Saucier*, 533 at 201. If this question is answered in the affirmative, the next step "is to ask whether the right was clearly established."

---

[2] Because this Court is addressing the issue at the motion to dismiss stage and not the summary judgment stage, Plaintiff is only required to allege a constitutional violation that is plausible on its face.

*Id.* If there was no constitutional violation, or if there was a violation but the right was not clearly established, the officer is entitled to qualified immunity. The Court will address each question in turn.

Plaintiff has sufficiently alleged a constitutional violation that is plausible on its face. Claims against an officer for using excessive force, whether deadly or not, are judged under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989). With regard to deadly force, the Supreme Court has held that it is unreasonable for an officer to "seize an unarmed, nondangerous suspect by shooting him dead." *Tennessee v. Garner*, 471 U.S. 1, 11 (1985). However, the Court went on to state that:

> [w]here the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force. Thus, if the suspect threatens the officer with a weapon or there is probable cause to believe that he has committed a crime involving the infliction or threatened infliction of serious physical harm, deadly force may be used if necessary to prevent escape, and if, where feasible, some warning has been given.

*Id.* at 11-12.

Here, Plaintiff has alleged that it was unreasonable for Defendant to use deadly force against Torres because there was no probable cause to believe that Torres posed a threat of serious physical harm. Specifically, Plaintiff argues that Torres did not fit the description of the burglary suspects, was unarmed, fled from his apartment, and took no actions that would indicate he was a threat to Defendant or others. Furthermore, Plaintiff claims that Defendant did not give a proper warning before discharging his weapon. Plaintiff has set forth enough factual allegations to raise her Fourth Amendment claim above the speculative level. Having answered the first question in the affirmative, the Court now moves to the second question.

Even if Defendant's actions were not objectively reasonable, the second prong of the qualified immunity inquiry asks whether Defendant's actions violated clearly established Fourth Amendment protection. *Saucier*, 533 at 201. In other words, would it "be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. at 202. "This inquiry . . . must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id*. at 201. Thus, the general rule regarding deadly force set forth in *Garner* is too broad to constitute clearly established law. *See Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). Rather, the right must be clearly established in a more particularized sense. *Id*. at 198-99. In order to determine whether Defendant violated a clearly established law, the Court is required to compare the particular situation encountered by Defendant with the facts of previous Tenth Circuit and Supreme Court cases.

At this point, the Court cannot make a determination as to whether Defendant violated a clearly established law because the facts in this case are still unknown. For the purposes of this Motion, the Court's factual analysis is based almost entirely on the unsubstantiated allegations contained in Plaintiff's Complaint. The facts sufficiently state a plausible cause of action, however, because no discovery has taken place yet, the exact situation faced by Defendant is still unclear. Because the specific facts of this case are crucial to the Court's ability to make a legal determination as to whether Defendant violated clearly established law, the Court finds it premature to rule on the qualified immunity issue until the facts are sufficiently established.

In *Maxey ex rel. Maxey v. Fulton*, 890 F.2d 279 (10th Cir. 1989), the Tenth Circuit affirmed a district court's order which deferred ruling on the issue of qualified immunity pending a development of a sufficient factual record. The *Maxey* Court held that the record was inadequate

6

to determine the fact-specific claim of qualified immunity. *Id*. at 283. Further, the court stated that "qualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad." *Id*. at 282 (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987). Discovery "which is narrowly tailored to uncover only those facts needed to rule on the immunity claim are neither avoidable or overly broad. **Such orders are not immediately appealable**." *Id*. at 283 (quoting *Lion Boulos*, 834 F.2d at 507-08) (emphasis added).

In accordance with the Tenth Circuit's decision in *Maxey*, the Court finds that discovery limited to uncovering the facts needed to rule on qualified immunity is necessary in this case. To be clear, the Court is not finally and conclusively denying Defendant's entitlement to qualified immunity. After limited discovery, Defendant is free to reurge the issue in a motion for summary judgment. However, at this time the Court needs further factual clarification before it can determine the situation encountered by Defendant and whether a reasonable officer would know that Defendant's actions were in violation of clearly established law.

### III. Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss is GRANTED as to Plaintiff's First, Fifth, Eighth, Fourteenth, and Fifteenth Amendment claims, and DENIED in as to Plaintiff's Fourth Amendment claim. Plaintiff's Motion to Refuse is DENIED.

**IT IS SO ORDERED**.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma